## THE STATE, DAVID N. ROPES ET AL., PROSECUTORS, v. THE ESSEX PUBLIC ROAD BOARD.

1. The supplements of 1870 to the " Essex Public Road Board act," provide a certain and constitutional mode of raising the money necessary to execute the purposes of the act.
2. In making the re-assessment, under the supplement of 1875, against those as to whom the prior assessment had been set aside, it was the duty of the assessors to consider and determine what lands in the city of Orange were peculiarly benefited, and the amount that each lot or parcel was so benefited, so that the re-assessments might appear to be relatively fair.
3. The cost of the right of way only can be assessed upon the land-owners; by the seventh section of the act of February 16th, 1870, the cost of executing the act is to be borne by the county and city or township in equal portions.

On *certiorari.*

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiffs, *J. L. Blake* and *Thos. N. McCarter.*

For the defendant, *John W. Taylor.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The legality of the re-assessment on Park avenue against the prosecutors, is the subject of contention in this case.   The improvements on this avenue were projected and executed under the act known as the " Essex Public Road Board act," and the questions presented to the court involve

the construction of the various acts of legislation, passed to aid in the promotion and completion of the work, and in defraying its necessary expenses.

The principal ground upon which the validity of the reassessment is assailed is, that the mode prescribed for making it has not been pursued, in that it does not appear that each lot was assessed for its proportion of the amount to be raised in the same ratio that its proportion of benefits bore to the whole amount of benefits.

The sixth section of the supplement of February 16th, 1870, (*Pamph. L.*, *p.* 185,) says: "The moneys necessary to pay the compensation in this act directed to be made for land or property taken, shall be raised by assessing so much thereof as shall be equal to any peculiar benefit conferred upon any lands in the county, whether adjacent or not to said avenues, upon such lands so peculiarly benefited, in proportion to the benefits received; if said money shall exceed the value of the benefits conferred upon the lands last mentioned, such excess, if any, shall be borne by the public at large of the county of Essex, and shall be raised by tax," &c. And the thirteenth section of the same act, in prescribing the duties of the assessors, directs that "after taking an oath to honestly and justly perform the duties required of an assessor under this act, [the said assessors] shall proceed to consider and determine what lands in said county are peculiarly benefited by the laying out of said avenues, and the amount that each lot or parcel is so benefited; shall assess the same in proportion to the benefit received; * * * they shall make a report to said board, in writing, of their determinations and assessments."

Under these provisions, the sum to be raised was the amount necessary to pay the compensation by the act provided to be made for land or property taken for the construction of the work.

The duty of the assessors appointed under the act was:

1st. To ascertain the sum necessary for this purpose.

2d. To determine what sum represented the peculiar benefits conferred upon any lands in the county of Essex, whether adjacent or not to said avenue.

3d. To consider and determine what lands in the county were peculiarly benefited, and the amount that each lot or parcel was so benefited.

4th. To assess so much of the sum requisite to make the compensation for lands taken, as should be equal to the peculiar benefits conferred, upon the lands so peculiarly benefited, in proportion to the benefits received.

If the benefits did not equal the compensation to be made, the excess, if any, to be borne by the county at large, by way of taxation.

During the same session of the legislature, a further supplement was passed March 17th, 1870, (*Pamph. L., p.* 714,) which modified the mode of assessment. The act reads as follows:

" No land in any city, town or township, in which any avenue    *    *    *    shall be laid out by said board, shall be liable to be assessed for benefits to pay the compensation to be made for *land or property* taken, which shall not lie within such city, town or township ; but the lands in any city, town or township, through which any of the said avenues shall be laid out, which shall be peculiarly benefited thereby, shall be liable, to the extent and in proportion to the benefit received, *for the lands or property* taken therein only ; but, in all other respects, except as herein provided, the moneys necessary to pay the compensation for lands or property taken shall be raised as in said supplement directed."

The effect of this change was to make lands in each city, town or township liable to pay for the right of way in such city, town or township to the extent of the benefits conferred on lands in such city, town or township, the excess, if any, to be imposed on the county. Land in any city, town or township was exempted from liability to assessment for land taken which did not lie in such city, town or township. In all other respects, the prior provision was undisturbed.

The assessments made under these acts having been set aside as to certain prosecutors, another supplement, to authorize a re-assessment, was passed (*Pamph. L.*, 1875, *p.* 458,) in these words :

" Be it enacted, That where any assessment made under said act or any supplement thereto, has been or shall be set aside, only as to the prosecutor or prosecutors of any writ of *certiorari*, by any court of review, the court, or any judge thereof, shall thereupon order a new assessment, and appoint the same or other assessors to re-assess the amount of the assessments so set aside, together with the lawful interest accrued thereon, the costs and expenses of such review and of such re-assessment to be estimated and laid before them by the Essex Public Road Board ; and said assessors so appointed shall proceed as provided in respect to the original assessment, and report to the said board ; but in making such re-assessment, no tracts or lots of land, originally assessed for the benefits of the said improvement, and the original assessments upon which shall not have been set aside, shall be liable to be re-assessed, but the same shall be exempt from such re-assessment ; and that this act shall take effect immediately."

Under this act, it was the duty of the assessors to re-assess the amount of the original assessment, and in so doing to proceed as provided in respect to the original assessment under the supplements of 1870.

Whether the re-assessment can be successfully defended will, therefore, depend upon its conformity to the procedure prescribed by the acts of 1870, above recited.

The act of 1875 does not authorize the several sums directed to be re-assessed to be laid arbitrarily upon the lands of those prosecutors as to whom the original assessment had been vacated. Such an interpretation of the enactment would render it unconstitutional and void. It is only by reading this act in connection with the prior legislation, that a legal mode is found for re-imposing the burden. In executing the power conferred upon them, the assessors were bound to pursue strictly the requirements of the prior supplements of 1870.

The duty thus required of them was:

1st. To ascertain the sum necessary to pay for the right of way within the city of Orange.

2d. To determine what sum represented the peculiar benefits conferred upon any lands in the city of Orange.

3d. To consider and determine what lands in that city were peculiarly benefited, and the amount that each lot or parcel was so benefited.

4th. To declare what would be an equitable assessment of so much of the sum necessary to pay for the right of way as should equal the benefits conferred, upon the lands so peculiarly benefited, in proportion to the benefits received by each parcel of land.

5th. To make an actual assessment of the several amounts which they so found should fall upon the prosecutors whose assessments had been set aside, upon their lands, but to make no actual assessment upon the lands of those as to whom the original assessment had not been set aside. The report of the assessors must show affirmatively that these provisions have been complied with, and this could be done in no other way than by estimating and stating the burden which each lot should have borne, in their judgment, as if it had been computed for the first time. Otherwise, it could not appear that the assessments upon the several lots were relatively fair, and that each lot was justly assessed for its proportion of the amount to be raised in the same ratio that its proportion of benefits bore to the whole amount of benefits.

As to the relators, it stood as if no prior assessment had been made. The new assessors might have differed in judgment with the first assessors as to the relative proportion of the burden to be borne by those whose assessments had not been set aside. If, in their opinion, the latter should have paid a larger sum than was charged upon them in the original assessment, although they could not have been compelled to pay an additional amount, yet it would, to the extent of such increase, have operated in ease of the burden to be cast upon the relators. While the persons against whom the original

assessment subsisted were exempted from re-assessment, there is no command that the benefits derived by them should not be taken into computation. On the contrary, the directions of the supplement could not be complied with without doing so; the prosecutors are entitled to the judgment of the assessors appointed under the act of 1875, as to whether all the lands in the township, within the sphere of the assessments, are burdened relatively to each other in the correct proportion.

Under this rule, if the new assessors considered that, in the first assessment, those whose assessments had not been set aside had been too lightly burdened, a portion of the sum ordered to be re-assessed by the act of 1875 could not be realized, but that would result from the exemption gained by them in accepting the first determination; it could not be imposed upon the prosecutors. If the sum first laid upon those whose assessments were in force were adjudged to be too great, and consequently that a larger sum should have been charged to the prosecutors, still the prosecutors could not have been assessed for a sum in excess of the original assessment, because that was the limit of authority granted by the act of 1875.

That the assessors did not properly execute their duty is manifest from the statement, in the report of their re-assessment, that " they proceeded to consider and determine what lands in said city of Orange are peculiarly benefited, and the amount that each lot is so benefited, and to assess the same in proportion to such benefit received, excepting, however, from such consideration and determination, the tracts of land originally assessed, and which original assessments have not been set aside, and which are therefore exempt from re-assessment by us."

The illegality of the proceedings will appear more glaringly by supposing that instead of the re-assessment being made against a number of persons, the original assessment had been set aside as to a single prosecutor, and the re-assessment had been made, in the same manner, against him alone, excluding all other land-owners from consideration.

In that event, in what way would the question of relative proportion appear to have been considered ?

In that case, such a re-assessment would simply restore, arbitrarily, what had been set aside by the court; it might be upon the single ground of its being excessive in amount.

The commissioners being bound to proceed according to the original act, have entirely neglected to comply with the most important requirement of the act of 1870.

After the amount to be paid by each of the prosecutors has been established in the way indicated, then interest may be charged to each one, to be computed upon the sum found against him, and his land charged with such principal sum and interest, but they cannot be burdened with the interest of any sum greater than that found, by the new assessment, to represent their just proportion of the benefits.

The re-assessment also includes the costs and expenses of review and of the re-assessment. In this the assessors have likewise mistaken their duty under the act of 1875. They were commanded to re-assess such costs and expenses in the manner provided in the supplement of 1870.

The sixth section of the supplement of February 16th, 1870, authorizes only the money necessary to pay for the right of way to be assessed upon the lands benefited, and in the seventh section it is expressly provided that the money necessary to pay the costs and expenses of executing the " road board act," shall be paid in equal portions by the county and the town, city or township through which the avenue passes. The costs of review and the costs of re-assessment must, therefore, fall upon the county and the city or township at large, as part of the expenses of executing this act.

Whether, after the judgment of the Supreme Court has condemned the road board in the payment of costs, it is competent for the legislature to shift the entire burden upon the relators, and thus deprive them of one of the fruits of the former adjudication in their behalf, it is not necessary to determine.

A further objection is urged to the validity of these proceedings, which is of a more radical character:

It is insisted that this case is within the rule laid down in *State, Gaines, pros.*, v. *Hudson County Avenue Comm'rs*, 8 *Vroom* 12, in that the mode prescribed for raising the money necessary to execute the project is vague and uncertain.

An irreconcilable contradiction is alleged to exist between the sixth and seventh sections of the act of February 16th, 1870 : the former section providing that the moneys necessary to pay the compensation in this act directed to be made for land or property taken shall be assessed on the lands benefited, and the latter providing that the costs and expenses of executing the act shall be otherwise levied. The argument is that the cost of the right of way must be part of the cost and expense of executing the act.

To this I cannot yield my assent. It seems to be very clear that the cost of the right of way only was to be imposed on the lands benefited, and all other expenses to be raised as specified in section seven. There is no necessary conflict in the two sections.

The other reasons relied upon for reversal have been considered, and may be dismissed with the remark that they are not sustained.

The objection that the avenue was not legally laid out and constructed will not be entertained at this stage of the proceedings.

For the reasons stated, the re-assessment must be set aside, with costs.